**Larry UPCHURCH, Plaintiff,**

v.

**USTNET, INC., a Louisiana corporation, Defendant.**

**Civ. No. 93–874–FR.**

United States District Court, D. Oregon.

Oct. 19, 1994.

Kevin M. Myles, Myles & Myles, Portland, OR, for plaintiff.

Mark R. Lindley, Richard A. Mario, Buckley, Montgomery, LeChevallier & Lindley, Lake Oswego, OR, for defendant.

## OPINION

FRYE, Judge:

The matters before the court are the motions of the plaintiff, Larry Upchurch, (1) to compel the production of documents (# 20); (2) to strike the untimely response of the defendant, USTNET, Inc. (USTNET), to his requests for admissions and declare that the matters admitted by default are conclusively established (# 21); and (3) to strike the response of USTNET to his discovery motions (# 25).

### Motion to Strike USTNET's Response

Upchurch moves this court to strike the response of USTNET to his discovery motions because it was untimely under Local Rule 220-4(b). USTNET has not responded to Upchurch's motion to strike.

### Motion to Compel Production of Documents

Upchurch moves this court for an order requiring USTNET to produce documents regarding its financial status from October 1, 1992. According to Upchurch, he is entitled to the requested documents because UST-NET, in its fourth affirmative defense, alleges that Upchurch retarded its business efforts and, in its fifth counterclaim, USTNET alleges that Upchurch engaged in a course of conduct which interfered with, impaired and destroyed its current and prospective business and/or contractual relationships. Memorandum Supporting Plaintiff's Discovery Motions, p. 2. Upchurch argues that the requested documents will assist in the discovery of the underlying facts of USTNET's defense and counterclaim and may also show how Upchurch's alleged activities damaged USTNET. *Id.* at 3.

USTNET contends that Upchurch's discovery request is overly broad. USTNET maintains that the "gravamen of [its] Fifth Counterclaim is that prospective business was impaired and destroyed. Thus, [Upchurch] may be entitled to documents that point to prospective business that [it] believes was impaired or destroyed." Defendant's Response to Plaintiff's Discovery Motion, p. 1.

*Requests for Admissions*

Under Rule 36(b) of the Federal Rules of Civil Procedure, Upchurch moves this court for an order declaring that the matters set forth in his requests for admissions are admitted and, thus, conclusively established because of USTNET's untimely and deficient response. Memorandum Supporting Plaintiff's Discovery Motions, p. 5. Alternatively, Upchurch moves this court for an order awarding him reasonable attorney fees incurred in proving any matter covered by a request for admission. *Id.* According to Upchurch, he served USTNET with his requests for admissions on December 14, 1993, and USTNET did not serve its response until January 28, 1994, fourteen days after the time allowed under Rule 36. Upchurch also contends that USTNET's response was deficient because its denials did not meet the substance of the requested admissions. *Id.* at 4.

USTNET responds that, pursuant to telephone conversations, the parties agreed to extend the time allowed for USTNET to respond to Upchurch's requests for admissions until after Upchurch had given UST-NET requested discovery materials. Defendant's Response to Plaintiff's Discovery Motion, p. 2. In light of those agreements, USTNET argues that Upchurch is not entitled to a declaration that the matters set forth in the requests for admissions are conclusively established. *Id.*

**APPLICABLE LAW**

1. *Local Rule 220–4(b)*

Under Local Rule 220–4(b), "[r]esponses to motions pertaining to discovery shall be served and filed within five (5) days after service of the motion."

2. *Production of Documents*

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of permissible discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

3. *Requests for Admissions*

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions and the effect of an untimely or deficient response. It states, in part:

(a) **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying....

Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.* If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder....

. . . .

**(b) Effect of Admission.** *Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provision of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. . . . (Emphasis added).

## ANALYSIS AND RULING

### 1. *Motion to Strike USTNET's Response*

■ As a threshold matter, Upchurch has moved to strike USTNET's response to his discovery motions on the ground that it was untimely filed under Local Rule 220–4(b), which requires responses to motions pertaining to discovery to be served and filed within five (5) days after service of the motion. Here, Upchurch filed his discovery motions with the court on July 25, 1994 and served USTNET with the motions by mail the same day. However, USTNET did not file its response to the discovery motions until September 7, 1994. USTNET has not responded to Upchurch's motion to strike. Under these circumstances, the court ordinarily would strike USTNET's untimely response. In this case, however, it is unnecessary to strike USTNET's response because it has not affected the decision of the court to grant Upchurch's discovery motions. Therefore, the motion of Upchurch to strike USTNET's response to his discovery motions is denied.

### 2. *Motion to Compel Production of Documents*

■ In its fifth counterclaim for tortious interference with contract and prospective advantage, USTNET alleges that:

Commencing at a time in the fall of 1992, and continuing through the date of the filing of this pleading ... [Upchurch] has engaged in a course of conduct which interfered with, impaired, and destroyed current and prospective business and/or contractual relationships of [USTNET]. . . . [Upchurch] has failed to generate business on behalf of [USTNET] from customers [Upchurch] specifically reserved unto himself and with whom [he] claimed to have a personal relationship in dealing with said customers in the area in which [USTNET] does business and in which [Upchurch] was hired and compensated by [USTNET] to work.

. . . .

As a direct and proximate result of the conduct of [Upchurch], [USTNET] has suffered and will continue to suffer, a loss of sales, loss of employment, and a loss of current and prospective business relationships and opportunities resulting in damages in excess of One Hundred Thousand Dollars ($100,000.00). . . .

Answer, Affirmative Defenses, and Counterclaims, pp. 15–16, ¶¶ 65, 69. In its sixth counterclaim for unfair competition, USTNET alleges that Upchurch "has engaged in a course of conduct which was intended to, and did in fact, interfere with, impair, and destroy current and prospective business and/or contractual relationships" of USTNET. *Id.* at 17–18, ¶ 76.

In the light of the counterclaims asserted by USTNET, the court concludes that the request of Upchurch for documents indicating USTNET's financial condition from October 1, 1992 is relevant to the claims and defenses involved in the pending action and seeks information that appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Accordingly, Upchurch's motion to compel production of documents indicating the financial status of USTNET from October 1, 1992 is granted.

### 3. *Failure to Respond to a Request for Admissions Within Thirty Days*

■ It is undisputed that USTNET failed to respond to a properly served request for admissions within the time allowed under Rule 36 of the Federal Rules of Civil Procedure. USTNET has asserted that, pursuant to telephone conversations, the parties

agreed to extend the time allowed for a response under Rule 36. However, Rule 36 specifically provides that such an agreement must be *in writing*. Because USTNET failed to respond to the requests for admissions within thirty days, the matter of each requested admission is admitted. Fed. R.Civ.P. 36(a). Under subsection (b) of Rule 36: "Any matter admitted . . . is conclusively established. . . ." Accordingly, Upchurch's motion to strike USTNET's untimely filing of its response to his requests for admissions and declare that the matters admitted by default are conclusively established is granted.

## CONCLUSION

The motion of Upchurch to compel the production of documents indicating the financial status of USTNET from October 1, 1992 (# 20) is GRANTED. The motion of Upchurch to strike USTNET's untimely response to his request for admissions and declare that the matters admitted by default are conclusively established (# 21) is GRANTED. The motion of Upchurch to strike USTNET's response to his discovery motions (# 25) is DENIED.